CARNEY v. GESMUNDO.

WATERS AND WATER COURSES—ADJOINING LANDOWNERS—INJUNCTION.
Plaintiff was entitled to injunction to prevent use of common strip designated on plat of resort lakeshore subdivision as "promenade" for purposes of access to lake by boat trailers but not to prevent use of 33-foot wide strip which appeared to be a proper extension of access drive to shore of lake where it appeared that intention of proprietors of plat was to allow access by all lot owners to lake and no dividing line was drawn between end of access drive and strip designated "promenade".

Appeal from Kalamazoo, Sweet (Lucien F.), J. Submitted Division 3 June 5, 1968. (Docket No. 4,458.) Decided June 24, 1968. Leave to appeal denied September 30, 1968. See 381 Mich 780.

REFERENCE FOR POINTS IN HEADNOTE
56 Am Jur, Waters §§ 58, 60, 64.

Complaint by Herschel Carney against Serafino Gesmundo and Frederick B. De Young to enjoin use of a strip of land on lakeshore for boat launching. Thirty-four other owners of lots in same plat, seeking similar use of land, intervened as defendants. Injunction granted in part. Plaintiff appeals. Affirmed.

*Fox, Thompson & Morris,* for plaintiff.

*Morris, Culver & Corsiglia,* for defendants and intervening defendants.

PER CURIAM. Plaintiff brought an action seeking to enjoin alleged abuse by defendants of certain platted land. He has appealed from an adverse decision.

After reviewing the record carefully we conclude that the trial judge in his opinion fully and correctly decided the matter. Accordingly, we adopt the opinion of the trial judge as our own which reads as follows:

"All of the parties to this action are lot owners in the plat* of Wildwood Park, on Gull lake, located in this county [Kalamazoo]. The plaintiff owns lots 16, 17, 18, and an unnumbered lot, all located in said plat. A 33-foot-wide drive lies between plaintiff's lot 16 and his other lots. There is an area north of plaintiff's lot 16 and between it and the shore of the lake that is designated 'Promenade' on the plat.

"In his action plaintiff seeks to restrain the defendants from using any part of the area designated 'Promenade' and abutting or adjacent to any of his lots as a road for automobiles, automobile boat trailers, or boat trailers, for the purpose of launching or hauling out boats of all kinds from the waters of Gull lake, and from placing or causing to be placed

* Plat of Wildwood Park.

on and across the area designated 'Promenade' gravel, or other road materials, designed to construct a road for the use of automobiles, automobile boat trailers, or boat trailers.

"Plaintiff brought this action against two lake-front lot owners, defendants Gesmundo and De-

Young, but thereafter other lot owners were permitted to intervene as defendants. Some of these intervening defendants own lots fronting on the lake, and others own so-called back lots.

"This case has been submitted to this court upon a stipulation setting forth an agreed statement of facts, and in arriving at its decision of this case this court is limited to a consideration of the facts as agreed upon between the parties and written arguments of counsel in the way of briefs. * * *

"In paragraph 9 of the stipulation the parties agree that plaintiff claims no legal benefit from any nonuser, and defendants claim no legal benefit from any use of passages, drives, and promenade, and that the only uses or nonuses claimed by either party are those permitted or prohibited by the terms of the plat of Wildwood.

"A copy of the plat is attached to the stipulation, and the dedication appearing thereon is in the following language:

" 'The land hereon described and platted by the undersigned, is to be occupied as a resort. No right of entry or passage is granted except to lot owners or lessees.'

"From this language and from the layout of lots, drives, passages, and the promenade, as shown on the plat, this court must determine the intent of the proprietors as to the use to be made by the lot owners and their lessees of the areas designated promenade, passages, and drives.

"An examination of the plat shows that the promenade is bounded on the lake side by the shore of the lake, and on the opposite side by lotlines of lots 1 to 22 inclusive, the unnumbered lot owned by the plaintiff, and lot 63. We further see that there are four breaks or openings in the lot side boundary of the promenade by reason of two six foot passages entering thereon, one 33-foot drive with which we are particularly here concerned, and to the south one 40-foot drive. We see further that there is no delin-

eation as to where the passages and drives end and
the promenade commences.

"It is the contention of the plaintiff that the entire
promenade area, and particularly the portion thereof
abutting upon his property, can only be used for
pedestrian traffic, and this court must agree that the
term 'promenade' indicates an area designed for use
by pedestrians and not for vehicular traffic, and if
the plat showed a closed area designated 'prome-
nade,' this court would not hesitate to restrict the
use of such area as plaintiff seeks in this action.
However, the promenade shown on the plat of Wild-
wood Park is not a closed area but has several open-
ings, as hereinabove set forth. Where the drive
between plaintiff's lot 16 and his other lots reaches
the area otherwise designated 'promenade' there is
no delineation to indicate where the drive stops and
the promenade begins, or vice versa. Consequently
the only conclusion that can be drawn is that the
drive and the promenade merge and join together
into one area, to be used for the purpose of a prom-
enade and also for the purpose of a drive. Neither
use should unreasonably interfere with the other, and
with proper restrictions the area may be utilized for
both such uses, and it is the conclusion and decision
of this court that such was the intention of the
proprietors of the plat.

"Were we to place an imaginary barrier extending
across the drive at the northeast corner of lot 16
and at right angles to the southeasterly boundary of
lot 16 and say, 'This is where the drive ends and the
promenade commences,' then we would leave the un-
numbered lot entirely without a means of ingress
and egress for anything but pedestrian traffic. Cer-
tainly this could not have been within the contempla-
tion of the proprietors of the plat, nor intended by
them.

"In his brief counsel for the plaintiff points out
that an extension of the drive would pass through
the word 'Promenade' that appears on the plat. In
this regard it is interesting to note, by an examina-

tion which this court made of the original plat in the register of deeds' office, that the word 'Promenade' on the plat at this location is in different printing, both as to the forming of the letters and heaviness of the impression when compared to the other two uses of that word on the plat. This is interesting, but the significance, if any, eludes the writer. At the same time we cannot give weight to the contention of counsel that the particular location of the word 'Promenade' is of significance.

"Finally, it is the conclusion and decision of this court that it was not the intention of the proprietors of the plat that the drives located thereon should be used solely for the purpose of access to the lots in the plat, but that it was the intention of such proprietors that such drives should be used by all of the lot owners for access to the lake, and that where the two drives entered the promenade they merged therewith, and that the promenade in those locations did not become a barrier to vehicular traffic over an area representing the extensions of the drives to the waters on the lake.

"The relief sought by the plaintiff may be granted to him as to the area designated 'Promenade' and abutting or adjacent to the lots owned by him, with the exception of a strip of land 33 feet wide running northeasterly from the northeast corner of lot 16 and adjacent to the westerly line of lot 17 and the extension thereof to the water's edge. This strip of land may, by the judgment of this court, be made available for the use of all lot owners in said plat, and their lessees, as a road for automobiles, automobile boat trailers, or boat trailers, for the purpose of launching or hauling out boats of all kinds into and from the waters of Gull lake, but that any such use made by any such lot owner or lessee shall be such as to interfere in the least degree practicable with the use of the area covered by such strip for pedestrian traffic and as a promenade.

"Said judgment, by injunctive order or otherwise, may further provide that no gravel or other road-

building materials shall be placed upon said strip which shall interfere with the use thereof by pedestrian traffic as a promenade."

Affirmed. Costs to appellees.

McGREGOR, P. J., and HOLBROOK and C. KAUFMAN, JJ., concurred.